## 52986. SMITH v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of possession of heroin. His pre-trial motion to suppress on the ground of an unlawful search and seizure was denied. He contends that it was error to deny his motion and that his trial testimony was impelled by the erroneous admission of the evidence that was obtained by the unlawful search and seizure.

As a result of "information" received from a GBI agent in Atlanta, five GBI agents proceeded to the Bacon County Airport to investigate a heroin smuggling operation and in particular an aircraft located at the airport. An automobile drove up and parked about 30 yards from the airplane. Three black males got out of the car, one of whom was the defendant. Defendant had his left hand in his trouser pocket and was ordered to remove it. Defendant hesitatingly complied. One of the agents then conducted a "pat down" of defendant and found a vial or small jar in defendant's trouser pocket which contained a powder. The agent who conducted the "pat down" testified that prior to this occasion he had never seen the defendant or his companions. While this agent testified that he conducted the "pat down" on defendant in order to discover if defendant was armed with a weapon and to thereby protect himself and his colleagues from an assault, he also testified that he found no evidence that defendant was armed in any manner. The agents had no search warrant or arrest warrant. The prior "in-

formation" which brought on the investigaton was not revealed by the state's witnesses. *Held:*

1. It is plain that this search of defendant cannot find validity as an incident to a lawful warrantless arrest. The state attempts to justify the search on the theory that this seizure of defendant's person and the frisk was a self-protective search under the holding in Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). Terry v. Ohio held that in the case of a self-protective search for weapons, the police officers must be able to point particularly to facts from which it reasonably can be inferred that the individual is armed and dangerous. There is no testimony from which it can be reasonably inferred that defendant was armed or dangerous. It was error to deny the motion to suppress.

2. The state nonetheless contends that any error in the admission of the evidence seized was rendered harmless by defendant's testimony at the trial. At the trial and over objection the state showed that the vial contained heroin. Defendant testified in effect that while he had possession of the vial he did not have knowledge that the vial contained the prohibited drug. In Harrison v. United States, 392 U. S. 219 (88 SC 2008, 20 LE2d 1047), it was held that if a defendant's testimony was induced in order to overcome the impact of the illegally obtained evidence, then his testimony is tainted by the illegally obtained evidence; and that the state has the burden to show that its illegal action did not induce defendant's testimony. See also *LaRue v. State,* 137 Ga. App. 762 (224 SE2d 837). Clearly the state did not carry this burden. Defendant's possession of heroin was established solely through the illegally seized evidence. If the state had not proved possession, defendant would not have testified in an effort to justify his possession for he would have been entitled to an acquittal.

*Judgment reversed. Clark and Stolz, JJ., concur.*

SUBMITTED OCTOBER 7, 1976 — DECIDED OCTOBER 21, 1976.

*Jones & Solomon, M. Theodore Solomon,* for appellant.

*Dewey Hayes, District Attorney, C. Dean Strickland, Assistant District Attorney,* for appellee.