## 53452. HOLDER v. THE STATE.

QUILLIAN, Presiding Judge.

After his conviction for possession of less than one ounce of marijuana, the defendant asserts as error the overruling of his motion to suppress certain physical evidence. It is contended that there was no basis to search the defendant.

The facts adduced on the hearing are as follows: The arresting officer testified that on January 30, 1976 at 1:25 a.m. he responded to a call regarding a suspicious vehicle with a suspicious person inside it; he found the defendant sitting at the wheel in a vehicle parked in the middle of Hurley Circle; that this was an area which had a number of resident burglaries and vandalism; that Hurley Circle was a horseshoe type street and was not well-lighted. The officer approached the vehicle and asked the defendant to step outside and produce identification. The officer then questioned the defendant, asking "what he was doing there at that time of the morning, parked in that location; and he stated to me that he had stopped there to drink a beer before going home." The officer then testified. "This explanation did not satisfy my curiosity as to why he was there, and I had him turn around and place his hands on the car and advised him I was going to give him a frisk search." A small capsule bottle "approximately two, two and half inches in length" was found, containing marijuana. The defendant was then placed under arrest.

On cross examination the officer stated he believed a frisk was necessary because it was not a well-lit area, "we had to investigate a suspicious person" and "I was not satisfied with his explanation as to why he was there." Explaining this, the officer testified: "It just didn't seem logical that someone would stop at that particular area; and for my own personal safety is why I decided to frisk him." The officer admitted that when he felt the bottle in the defendant's right front pocket he did not know exactly what it was. It was brought out that a small .22 pistol was about that size but would be considerably heavier. *Held:*

In "stop and frisk" situations "[t]o justify a warrantless intrusion of this nature, the state must be able to point to specific and articulable facts, which,

together with rational inferences drawn therefrom, reasonably warrant the intrusion. . . What is demanded of the police officer, as the agent of the state, is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing." *Brisbane v. State,* 233 Ga. 339, 341 (211 SE2d 294) citing Terry v. Ohio, 392 U. S. 1, 16 (88 SC 1868, 20 LE2d 889) (1968); Adams v. Williams, 407 U. S. 143, 146 (92 SC 1921, 32 LE2d 612) (1972).

In *Smith v. State,* 140 Ga. App. 94, 95 (230 SE2d 101), this court pointed out ". . . in the case of a self-protective search for weapons, the police officers must be able to point particularly to facts from which it reasonably can be inferred that the individual is armed and dangerous."

The sequence of events was that the officer had the defendant get out of the car and furnish identification; thereupon the officer questioned the defendant and then frisked him. Here, under the *Smith* case, supra, and other recent cases of this court, the evidence did not contain sufficient specific and articulable facts which coupled with reasonable inferences would justify the search. *Nix v. State,* 138 Ga. App. 122 (3) (225 SE2d 714); *Smith v. State,* 139 Ga. App. 129, 131 (2) (227 SE2d 911); *Hill v. State,* 140 Ga. App. 121, 123 (230 SE2d 336).

*Judgment reversed. Stolz and Shulman, JJ., concur.*

ARGUED FEBRUARY 4, 1977 — DECIDED FEBRUARY 25, 1977.

*Bennett & Dantzler, G. F. Peterman, III,* for appellant.

*Clarence H. Clay, Jr., Solicitor, John R. Sikes, James M. Wootan, Assistant Solicitors,* for appellee.