54169. CARTER et al. v. THE STATE.

MCMURRAY, Judge.
An immediate appeal from the denial of a motion to suppress evidence was allowed by this court.

A county police officer working in an extra job status for the Board of Education, while watching a high school where a number of burglaries had occurred, received a police radio report regarding a light colored van occupied by two men who were acting "in a suspicious nature." This light colored van was, at the time of the report, in a subdivision about a mile or mile and one-half from the high school where the officer was staked out. The officer

waited a few minutes and then went over to check the elementary school which was "next door" to the high school. When he arrived at the elementary school, which he would also check occasionally while watching the high school, the officer saw a light colored van with two men in it, headlights on, moving slowly in the school parking lot. The area through which the van was moving was open for vehicular traffic, there were no signs prohibiting anyone from going into that area, and there was no evidence that defendants' presence in that area was illegal.

Using the blue lights on his patrol car the officer stopped the van, drew his gun and ordered the defendants from the van. The officer searched the defendants and then had them get down in a kneeling position so he could keep an eye on them and proceeded to shine his flashlight inside the van. There the officer saw a set of scales of a type commonly used for weighing and selling drugs and around those scales were brown pods which looked to him to be marijuana seed. The officer then searched the entire van and found three ounces of marijuana and other drugs. *Held:*

Defendants contend that the initial conduct of the police officer in stopping the van, ordering them from the van at gunpoint and to place their hands behind their head, and searching them constituted an illegal arrest. The state argues that the officer's conduct was a limited investigative detention. It is not necessary to resolve this difference of opinion. This court has held in *Holder v. State,* 141 Ga. App. 426 (233 SE2d 501), that under facts substantially similar to those in the case sub judice, there was no showing of sufficient specific and articulable facts which coupled with reasonable inferences would warrant a stop and frisk type search. Furthermore, the state is far from showing sufficient probable cause for an arrest.

There is no contention that defendants were guilty of any traffic violation or that the detention of defendants was for the purpose of checking the driver's license or vehicle identification. Cases cited by the state such as *Brisbane v. State,* 233 Ga. 339 (211 SE2d 294); *Connor v. State,* 130 Ga. App. 74 (202 SE2d 200); *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286); and *Allen v. State,* 140 Ga. App. 828 (232 SE2d 250), are not controlling in the case sub

judice, as in these cases the vehicle was stopped for driver's license check, and contraband was discovered in plain view in the course of this limited detention.

The state having failed to show sufficient specific and articulable suspicion necessary to warrant a stop and frisk type search, exigent circumstances or probable cause for arrest, the actions of the police officer were unauthorized, and the motion to suppress the evidence thereby obtained should have been granted. *Holder v. State,* supra. See also *Smith v. State,* 140 Ga. App. 94 (1) (230 SE2d 101).

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

SUBMITTED JUNE 27, 1977 — DECIDED JULY 14, 1977 — REHEARING DENIED JULY 29, 1977 — 

*Gerald Davidson, Jr.,* for appellants.

*W. Bryant Huff, District Attorney, Dawson Jackson, Assistant District Attorney,* for appellee.