## 32861. THE STATE v. CARTER et al.

PER CURIAM.

We granted certiorari to review the opinion of the Court of Appeals in *Carter v. State,* 143 Ga. App. 166 (237 SE2d 656) (1977), in which that court reversed a finding of the trial court denying a motion to suppress. In its opinion, the Court of Appeals held the state "failed to show specific and articulable suspicion necessary to warrant a stop and frisk type search, exigent circumstances or probable cause for arrest. . ." The facts are set out in the foregoing opinion; however, several pertinent facts were omitted. When first spotted by Officer Blanott, the light-colored van was *driving out* of the *rear parking lot* of the Camp Creek Elementary School at *1:30 a.m.* Monday morning. At the time the officer confronted appellees, he knew the high school nearby had been burglarized several times recently; he had been hired while off-duty with the police department to provide security for these schools and was patrolling them; and he had heard a police radio alert earlier concerning a similar colored van occupied by two men which was seen cruising a nearby subdivision and acting suspiciously.

We think these facts and circumstances sufficient to support the officer's on-the-scene assessment of probable cause. The totality of circumstances confronting him, including the time, manner of operation, and place where the officer confronted appellees, created a justifiable suspicion concerning appellees' conduct and warranted a limited investigative detention to determine if a burglary

had taken place. *Brisbane v. State,* 233 Ga. 339, 343 (211 SE2d 294) (1974). See Commonwealth v. Mimms, 370 A2d 1157 (Pa. 1977) revd. summarily, 54 LE2d 331 (1977); Benson v. Nebraska, 251 NW2d .659 (Neb. 1977), cert. den. 54 LE2d 93 (1977).

*Judgment of Court of Appeals reversed. All the Justices concur, except Hall and Hill, JJ., who dissent.*

SUBMITTED NOVEMBER 14, 1977 — DECIDED JANUARY 18, 1978.

*Bryant Huff, District Attorney, Dawson Jackson, William P. Rowe, III, P. Samuel Huff, Assistant District Attorneys,* for appellant.

*G. Hughel Harrison,* for appellees.

HILL, Justice, dissenting.

The majority rely upon *Brisbane v. State,* 233 Ga. 339 (211 SE2d 294) (1974). In *Brisbane,* the robbery had taken place. A car was observed about 3:45 a.m. slowly passing, twice, another location which had been robbed numerous times. The car was stopped by the officer. The driver was requested to produce his driver's license and car registration, which he could not do. A radio check then showed that the car had been reported stolen. The officer then arrested the occupants. *Brisbane v. State,* supra, simply is not applicable here.

I would adopt the Court of Appeals' opinion and would affirm its judgment.