## 55316. HENDERSON v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of forgery in the first degree and he appeals. *Held:*

1. The check which was the subject of this prosecution was described in the indictment as a United States Treasury check bearing an identifying number, dated May 3, 1977, payable in the amount of $301.90 to Ernest E. Reno. Reno testified that he normally receives a United States Government Social Security check about the third of each month but did not receive his May, 1977 check. He was tendered state's Exhibit 1, and he testified that the signature endorsement appearing on the reverse of the exhibit "Erenest E. Reno" (sic) was not made by him nor did he authorize anyone else to endorse his name to this check. This exhibit appeared to be a treasury check of the same description as charged in the indictment. Other

witnesses of the state established that defendant caused the same check to be cashed. One of defendant's own witnesses testified that he took this check out of a mailbox located on the same street Reno's residence was located. The defendant's objection to the admission of the check was overruled. His ground of objection was that the check was not shown to be an authenticated or genuine U. S. Treasury check. The objection was properly overruled. The exhibit appeared to be a U. S. Treasury check and from all the circumstances shown the trial court could conclude that it was a genuine check issued by the federal government. We do point out that it was not necessary to its admissibility that the state prove it to be a genuine check. The gravamen of the offense was that defendant without authority and with intent to defraud possessed a "writing" purportedly endorsed by others and uttered or delivered it. The state sustained its burden by showing a "writing" with the forged endorsements. Whether in fact the check was a counterfeit or genuine treasury check was not material.

2. The defendant in writing requested that the court charge the jury: "...I charge you that if a witness shall swear willfully and knowingly falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." The court while not giving this charge, which is taken from Code § 38-1806, did charge on impeachment of witnesses and on the contradictory statements of witnesses. Before this principle of total rejection, with a duty to charge, will have application, it must manifestly appear not only that the witness has on another occasion sworn falsely to a material matter but he has done so wilfully and knowingly. *Smaha v. George,* 195 Ga. 412 (24 SE2d 385). One of the state's witnesses was shown to have testified at trial in a manner at variance with her testimony at a committal hearing. The witness here neither admitted committing perjury nor does it manifestly, or beyond doubt, appear in the record that she committed perjury at the prior occasion. In any event, considering the charge on the subject of impeachment and contradictory statements no reversible error has been shown.

3. Two of the state's witnesses were accomplices as it

was shown that they had previously been convicted of forgery in the first degree. The defendant requested in writing that the court charge that witnesses may be impeached by proof of a conviction for a crime involving moral turpitude. Instead the court charged that a witness could be impeached by proof of conviction of a *felony*. The charge as given was not incorrect or erroneous and it was not error to fail to charge as requested. Generally a witness is subject to impeachment by proof of a conviction of a felony or a crime involving moral turpitude. *Favors v. State*, 234 Ga. 80 (214 SE2d 645).

4. The evidence authorized the conviction.

5. Prior to the trial, the state advised the defendant in writing that in the event of a conviction, it intended to offer as evidence previous convictions of defendant. Exhibits showing these convictions were attached to the notice. At the sentencing hearing it was shown that the evidence of prior convictions had been previously tendered to the court and ordered filed with the clerk but not formally offered in evidence at the hearing. As the record of previous convictions had been properly filed, this evidence was properly before the court. A ritualistic tender of this evidence at the hearing was not necessary.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED JANUARY 31, 1978 — DECIDED APRIL 6, 1978— REHEARING DENIED MAY 31, 1978 —

*Champion & Erwin, William A. Erwin,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.