## 60921. THE STATE v. AVRET.

BANKE, Judge.

The state appeals an order granting the defendant's motion to suppress evidence seized during a search of his automobile trunk.

The defendant's automobile attracted the attention of Richmond County Sheriff's deputies as it drove through a commercial district during the early morning hours of January 30, 1980. The defendant was not observed to be in violation of any law, and the officers did not attempt to stop him, although they noted the description of the car and the tag number.

Shortly thereafter, the deputies discovered that a burglary had occurred at an air-conditioning supply store located about 500 yards from where they had first seen the defendant's automobile. The deputies issued a radio bulletin describing the automobile; and about 30 minutes later, it was discovered parked in front of a nightclub. Shortly thereafter, the defendant returned to the car and attempted

to pull out of the parking space. At that point, three patrol cars converged to block his exit, and he was ordered out of the car. An air conditioner stolen from the burglarized store was found in the trunk. According to the state's witnesses, the defendant opened the trunk voluntarily in response to the officers' request. The defendant, on the other hand, testified that he opened the trunk because he was ordered to do so. *Held:*

1. "An automobile in which contraband is concealed and transported may be searched without a warrant if police have probable cause for believing the automobile to be searched contains the contraband. [Cit.] The search without a warrant is permitted where it is impractical to obtain one because of the automobile's potential for instant mobility. Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419). Thus, Georgia has less stringent requirements for a warrantless search of an automobile than a permanent dwelling. [Cit.] However, the fact that it is an automobile is not talismanic. The right to search and the validity of the seizure are dependent 'on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' Carroll v. United States, 267 U. S. 132, 158 . . . [45 SC 280, 69 LE 543]." *Radowick v. State,* 145 Ga. App. 231 (2), 234 (244 SE2d 346) (1978).

The fact the appellant's automobile was seen late at night, 500 yards from the location of a recent burglary, did not in and of itself provide reasonable cause to believe that the defendant had committed the burglary or that his automobile contained stolen property. The Supreme Court's decision in *State v. Carter,* 240 Ga. 518 (242 SE2d 28) (1978), does not require a contrary conclusion. There, the evidence of contraband was observed in plain view inside the vehicle after its occupants had been subjected to a limited investigative detention, or "Terry stop." A Terry stop "is a brief stop, limited in time to that minimally necessary to investigate the allegation invoking suspicion, and limited in scope to identification, licensing of a driver and a vehicle if appropriate, a protective 'pat-down' of the outer surface of clothing for weapons if the officer has reasonable apprehension that the person is armed or dangerous, and limited questioning reasonably related to the circumstances that justified the initiation of the momentary stop. [Cits.]" *Radowick v. State,* supra, at 237. While an articulable suspicion sufficient to authorize a Terry stop was certainly present in this case, probable cause for a search of the car was not.

2. The trial court's finding that the defendant did not consent to the search of the car trunk was amply supported by the evidence. "Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate

courts unless such determinations are clearly erroneous." *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 3, 1980 — DECIDED NOVEMBER 20, 1980.

*Richard E. Allen, District Attorney, G. Larry Bonner, Assistant District Attorney,* for appellant.

*Howard Bush,* for appellee.