60086. McCONNELL v. THE STATE.
60087. WADLEY v. THE STATE.
60088. POE v. THE STATE.

BANKE, Judge.

Appellants appeal their convictions for burglary, enumerating as error the denial of their motion to suppress evidence seized in the warrantless search of the automobile in which they were riding when arrested. The arresting officers, two Georgia state patrolmen, testified that around midnight on the date in question they received a radio call that a burglar alarm had gone off at a sporting goods store about a mile away from their location. As they proceeded in their patrol vehicle north to the store, a Buick Skylark with Tennessee license plates, driven by a black male, pulled out of a private driveway

approximately 150 to 200 feet south of their destination. They had observed no other traffic at this late hour. The patrolman who was driving testified that he applied his brakes to avoid a collision. This occurred a minute after the alarm was received. The driveway from which the Skylark emerged was known by the officers to serve the residence of a white family. The state trooper noticed that there were two other black occupants in the vehicle. The patrolman proceeded on to the Sport Center where a broken window and merchandise scattered in the aisle confirmed that the alarm was genuine. They then reversed their path and pursued the Skylark. Although the automobile did not attempt evasive action, it did fail to stop immediately and continued onward for more than a mile at a slow speed before responding to the siren and blue lights. The appellants were arrested on suspicion of burglary. After their arrest, they were turned over to the Walker County Sheriff's Department. In accordance with standard operating procedure, the sheriff's department arranged to have the automobile towed in and impounded. The sheriff's deputies conducted an inventory search of the automobile and discovered 24 hand guns that had been stolen from the Sport Center.

The appellants concede that the state police were possessed of "specific and articulable facts" sufficient to make a brief investigative stop. See Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 809) (1968). However, they contend that what followed the authorized "stop" was not the "minimal intrusion short of arrest" contemplated by Terry. We agree. They also contend that probable cause for their arrest and the subsequent search was lacking. We disagree.

A lesser standard of proof is required to establish probable cause than to prove guilt. Draper v. United States, 358 U. S. 307 (79 SC 329, 3 LE2d 327) (1958). "Probable cause for an arrest without a warrant exists where the facts and circumstances within the officers' knowledge and of which they have reasonably trustworthy information are sufficient to give them reasonable ground to believe that the accused has committed a felony." Carroll v. State, 142 Ga. App. 428, 429 (1) (236 SE2d 159) (1977).

"In dealing with probable cause . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U. S. 160, 175 (69 SC 1302, 93 LE 1879) (1948). Although the mere presence of the defendants near the scene of the crime would not alone authorize their conviction, the fact that they were found departing a private driveway adjacent to the crime scene within a

minute of the ·time of the alarm, combined with the additional circumstances as set forth above, provided reasonable grounds for the state troopers to believe that defendants had burglarized the Sport Center.

The stolen property was found in defendants' automobile after the defendants had been arrested. As there was no person present to whom defendants' vehicle might properly be turned over, law enforcement officers acted properly in impounding the vehicle and conducting an inventory of its contents. The evidence discovered in the course of the inventory was properly introduced at trial. *Highland v. State,* 144 Ga. App. 594, 595 (241 SE2d 477) (1978).

*Judgment affirmed. Deen, C. J., Quillian, P. J., McMurray, P. J., Shulman, Birdsong, Carley and Sognier, JJ., concur. Smith, J., dissents.*

SUBMITTED JUNE 6, 1980 — DECIDED NOVEMBER 26, 1980 —

*Jon Bolling Wood,* for appellant.
*William M. Campbell, District Attorney,* for appellee.

SMITH, Judge, dissenting.

While I agree with the majority that a Terry stop was authorized under the circumstances of this case, I cannot accept the majority's conclusion that the police had probable cause to arrest. Since the validity of the search was dependent upon the validity of the arrest, the motion to suppress should have been granted. I respectfully dissent.

The police appear to have arrived at the scene of the burglary shortly after its occurrence. Although they observed appellants near the scene of the crime, there was no other evidence that appellants had been involved in criminal activity. While appellants' spatial and temporal proximity to the scene of the crime and the apparent absence of others in the vicinity were legitimate factors to be considered by the police in determining whether appellants should be confronted, the circumstances, though sufficient for a "limited investigative detention" (*Brisbane v. State,* 233 Ga. 339, 343 (211 SE2d 294) (1974)), did not provide probable cause to arrest (*State v. Avret,* 156 Ga. App. ·527 (1980); Orricer v. Erickson, 471 F2d 1204 (8th Cir. 1973)), nor did the fact that appellants failed to stop immediately when followed by the police. There was no attempt to elude the police, no attempted flight.

When the vehicle finally came to a halt, appellants were placed under arrest. The police then searched the interior of the vehicle. In

doing so, they exceeded their lawful bounds. See *Radowick v. State,* 145 Ga. App. 231 (244 SE2d 346) (1978). Nonetheless, they observed nothing that would connect appellants with the burglary. Probable cause to arrest arose only after appellants were placed under arrest and the vehicle subjected to a nonconsensual inventory search. It was only during the inventory search of the automobile trunk that the police discovered any incriminating evidence.

"We may assume that the officers acted in good faith in arresting [appellants]. But 'good faith on the part of the arresting officers is not enough' . . . If subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers, and effects,' only in the discretion of the police." Beck v. Ohio, 379 U. S. 89, 97 (85 SC 223, 13 LE2d 142) (1964). In the absence of an arrest based on probable cause, the police did not have "lawful custody" of the automobile. See South Dakota v. Opperman, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000) (1976). Since "[t]he justification [for the inventory search] is necessarily premised on the validity of the impounding" (*State v. McCranie,* 137 Ga. App. 369, 370 (223 SE2d 765) (1976)), the search of the automobile trunk in the instant case was in violation of the Fourth Amendment. The motion to suppress should have been granted.