## 63776. EVANS v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted and convicted of the offense of burglary. On appeal defendant contends the trial court erred in failing to grant his motion to suppress evidence. *Held:*

The sole witness at defendant's motion to suppress hearing was the chief investigator for the Chattooga County Sheriff's Department who testified that upon investigating the burglary of a residence he had received from the victim a detailed description of the items taken, as well as information that the victim as he returned home had seen, "a truck leaving, or coming up the highway from the area of his driveway, and the vehicle was occupied by a subject he recognized as [defendant], and who was driving, and he did recognize that there was another occupant in the truck." Based on this information the officer placed a lookout for a pickup truck occupied by defendant.

Later that day the officer saw the defendant driving a pickup truck. The officer pulled up alongside of defendant's vehicle at a traffic light, "tooted" his horn at defendant and motioned to defendant to pull to the curb. The traffic light changed and defendant waved to the officer and drove on. The officer "turned on [his] blue light, and pulled up beside [defendant] again, and forced him into the parking lot at the Chattooga County Library." The officer left his vehicle and walked towards the driver's door of the pickup truck. As the officer approached the pickup truck he saw in the bed of the pickup truck a number of items which he recognized from the description given to him as items taken in the burglary. The officer testified that his purpose in approaching defendant's vehicle and asking him to pull over was "to ask [defendant] to provide his whereabouts that afternoon, because he had been seen in the area" and that at the time he approached defendant's vehicle he did not intend to make an arrest. However, upon recognizing the items in the pickup truck as among those taken in the burglary, the officer placed defendant and a second subject in the pickup truck under arrest.

Defendant contends that his arrest was effected when the officer signaled him to the curb. Such arrest, argues defendant, was made without probable cause so that the resulting search of defendant's truck and seizure of items therefrom was in violation of constitutional provisions and unlawful.

However, defendant's reasoning fails to address the issues presented by Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). In justifying a Terry v. Ohio "stop" an officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrrant that intrusion."

Terry v. Ohio, 392 U. S. 1, 21, supra. The officer's testimony shows that he acted upon factual knowledge more substantial than inarticulate hunches. The officer had received information from the victim that the defendant had been seen near the scene of a burglary approximately two or three hours earlier. This information was sufficient to warrant a man of reasonable caution to believe that it would be appropriate to approach defendant and inquire as to his whereabouts at the time of the crime. The "stop" was authorized to permit this inquiry. As the stolen articles were spotted by the officer as he approached defendant for the purpose of making this inquiry there is no issue presented as to the "scope" of a search. At the time the officer saw the stolen items he was constitutionally authorized to be where he was and the items thus discovered were within the plain view doctrine. *Cook v. State,* 134 Ga. App. 712, 715 (3) (215 SE2d 728), and cits. The items found in plain view provided probable cause for defendant's arrest and search incident thereto. The trial court did not err in denying defendant's motion to suppress. *Jones v. State,* 156 Ga. App. 730 (275 SE2d 778); *State v. Carter,* 240 Ga. 518 (242 SE2d 28) revg.; *Carter v. State,* 143 Ga. App. 166 (237 SE2d 656); *McConnell v. State,* 156 Ga. App. 612 (275 SE2d 697).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 8, 1982.

*Bobby Lee Cook, Jr.,* for appellant.

*David L. Lomenick, District Attorney, Ralph L. Van Pelt, Jr., Assistant District Attorney,* for appellee.