A93A0627. HOPKINS v. THE STATE.
(433 SE2d 423)

SMITH, Judge.

Bobby Hopkins was convicted in a nonjury trial of giving a false name to a law enforcement officer in violation of OCGA § 16-10-25.

The evidence showed that Officer J. M. Woodall of the Clayton County Police Department received a radio call regarding a suspicious person at a plant shop. The dispatch described the suspicious person as a heavy-set woman wearing a black T-shirt and blue jeans. Woodall found no such person at the plant shop, but while his patrol car was stopped at a traffic light he noticed a woman meeting the description in the parking lot of another nearby store, accompanied by a man later identified as appellant. Observing them walking through the parking lot peering into cars, with the woman on one side of a car and appellant on the other side, Woodall became concerned that they were looking for a car to enter or steal. His suspicions were further aroused when he observed the woman flag down a car and speak with the driver, who then handed her some coins.

Woodall stopped the couple, asked them to separate, stepped between them, and questioned them. In response to Woodall's questioning, the woman gave her name. When asked for the man's name, she responded in a louder voice while attempting to catch her companion's attention over Woodall's shoulder: "Bobby Johnson." Woodall then questioned appellant. According to Woodall, appellant gave his name as Bobby Johnson as well, and informed Woodall he had no

identification. However, during the ensuing pat down Woodall felt in appellant's pocket an object he recognized immediately as a wallet. He extracted it and handed it to appellant, asking if there might be some identification inside the wallet. Appellant then produced an identification card issued by the Georgia Department of Corrections in the name of Bobby Hopkins, and Woodall arrested him for giving a false name.

At trial, appellant testified that his actual name is Grady Eugene Long, but that he told Woodall he was Bobby Hopkins because that was the name under which he was on parole. He denied telling Woodall his name was Bobby Johnson.

1. Appellant contends the trial court erred in failing to exclude evidence obtained in violation of his Fourth, Fifth, and Fourteenth Amendment rights. Citing *Brooks v. State*, 144 Ga. App. 97 (240 SE2d 593) (1977), he argues that because Woodall observed neither him nor his companion do anything in violation of any law, the stop, pat down, and "seizure" of the wallet were all unlawful under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

(a) An investigatory stop may not be based on a hunch or pretext, but must be justified by " 'some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. (Cits.)' [Cit.]" *Evans v. State*, 183 Ga. App. 436, 438 (359 SE2d 174) (1987). In determining whether such a stop, made in the absence of an observed violation of law, was justified, the proper inquiry is not merely whether the officer *could* validly have made the stop, but whether under the same circumstances a reasonable officer *would* have done so absent any invalid purpose. *Tarwid v. State*, 184 Ga. App. 853, 854 (363 SE2d 63) (1987). In *Brooks*, supra, this court held that an officer acted improperly in pursuing for questioning a man he observed looking into the window of one car in a shopping center parking lot and leaving when the officer approached. Id. at 97-99 (1).

The basis for the stop here is far stronger. Woodall received a police radio dispatch about suspicious behavior. He then observed two people, one of whom met the description, peering into a number of cars, rather than just one. In addition, appellant's companion appeared to Woodall to have solicited coins from a driver. Given these circumstances, we conclude that a reasonable officer would be authorized to conduct a brief investigatory stop that included a pat down for weapons.

(b) During the pat down, Woodall felt no weapon, but felt an object he knew was a wallet. His awareness that wallets usually contain identification increased his suspicion that appellant was concealing his true identity. Woodall removed the wallet from appellant's pocket and immediately handed it to appellant without opening it. Even assuming a seizure of the wallet occurred, as contended by ap-

pellant, no inculpatory evidence or information was gleaned from its exterior. The wallet in Woodall's hand was no more incriminating than it had been in appellant's pocket.

Appellant produced the card that led to his arrest in response to Woodall's repeated request for identification. Such repeated requests do not result in a seizure of the identification or the person, *Verhoeff v. State*, 184 Ga. App. 501, 502-504 (2) (362 SE2d 85) (1987), and the card was voluntarily produced. We find no violation of appellant's constitutional rights.

2. Although appellant maintains the trial court erred in denying his motion for a directed verdict of acquittal, there is no verdict in a bench trial. The issue is, simply, whether the evidence supported his conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lee v. State*, 201 Ga. App. 827, 828 (1) (412 SE2d 563) (1991). We conclude the evidence was sufficient to enable a rational trier of fact to find appellant guilty of giving a false name to an officer. *Jackson*, supra.

3. Appellant enumerates as error the trial court's refusal to conduct a hearing on his motion to suppress/motion in limine.

Prior to trial, the court had entered an order permitting late filing of defense motions, including a motion to suppress/motion in limine, and indicating in a handwritten note that the motions would be heard immediately prior to trial. On the day of trial, however, the court refused to conduct a hearing on this motion, ruling that it had not been timely filed.

A motion to suppress addresses tangible physical evidence, *Stephenson v. State*, 171 Ga. App. 938 (321 SE2d 433) (1984), and no such evidence was introduced at trial. As to testimony regarding appellant's statements, the subject of the motion in limine, the trial court expressly invited appellant to object to such testimony as it arose during the trial, which he did. Moreover, no jury was involved, and in a bench trial it is presumed that the judge, as the trier of fact, is able to distinguish between competent and incompetent evidence and consider only that evidence which is admissible. See *Morris v. State*, 160 Ga. App. 50 (1) (285 SE2d 782) (1981). Even assuming error in the trial court's failure to hold a pretrial hearing despite its earlier ruling, appellant has shown no harm, and harm as well as error must be shown to require reversal. See generally *Raines v. State*, 186 Ga. App. 239, 242 (4) (c) (366 SE2d 841) (1988).

*Judgment affirmed. Johnson, J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED JULY 7, 1993.

*Renehan & Moody, William R. Moody, Jr.*, for appellant.

*Keith C. Martin, Solicitor, Leigh A. Moore, Assistant Solicitor,* for appellee.