## A99A0037. CORSINI v. THE STATE.
### (519 SE2d 39)

RUFFIN, Judge.

Following a bench trial, Virginia Corsini was convicted of telephone harassment. She appeals, contending (1) that there was insufficient evidence to support her conviction; (2) that the trial court impermissibly convicted her because she did not testify at trial; (3) that the trial court erroneously limited her cross-examination of a witness; and (4) that the accusation was fatally defective. Because each of these contentions is without merit, we affirm.

1. In a bench trial, the trial court sits as the trier of fact. As such, it determines the credibility of the witnesses and may accept or reject any part of a witness's testimony, even in the absence of contradictory testimony. *Bettis v. State*, 228 Ga. App. 120, 121 (491 SE2d 155) (1997). On appeal, we view the evidence in the light most favorable to the trial court's judgment and will not set aside the trial court's factual findings unless they are clearly erroneous. A trial court's factual findings are not clearly erroneous if there is any evidence to support them. This is true even where such findings are based upon circumstantial evidence and the reasonable inferences which flow therefrom. Id.

Viewed in this light, the evidence at trial showed the following. On May 18, 1997, Clarissa Sullivan was at Judy Alexander's house when the telephone rang. Sullivan answered the telephone because Alexander was in the shower. An older-sounding voice on the other end of the phone asked to speak to Alexander. Sullivan asked the caller if she was Alexander's mother, and the caller said she was. When Sullivan said, "I've heard wonderful things about you," the caller laughed and asked to speak with Alexander. Sullivan then handed the phone to Alexander. Alexander testified that the voice on the other end of the phone was not in fact her mother's, but was Corsini's. Alexander recognized Corsini's voice because they had lived together for 15 years. They had been lovers, but had broken up four months earlier and were not on speaking terms. Alexander dropped the phone without saying a word. Sullivan testified that she picked up the phone and said, "Jennie?" (which was the name Corsini went by), and that the caller said "yes." Sullivan then asked, "Why do you continue playing these games?" Sullivan testified that the caller then said, "I will blow you up in the house along with Judy." Sullivan had

never met Corsini and did not recognize the caller's voice. However, she testified that the voice that made the threat was the same voice she had heard when she first answered the phone.

Corsini contends that because the threat was made to Sullivan, who did not recognize the caller's voice, there is no evidence that Corsini was the one who made the threat. However, Alexander positively testified that she recognized Corsini's voice immediately before she dropped the phone, at which point Sullivan picked up the phone and heard the threat. Moreover, Sullivan testified that the caller responded affirmatively when Sullivan asked if it were Jennie. Clearly, there was sufficient evidence to support the trial court's conclusion that it was Corsini who made the call and the threat. See *Hall v. State*, 226 Ga. App. 380, 381-382 (487 SE2d 41) (1997) (affirming conviction based primarily upon victim's recognition of defendant's voice over telephone); *Brown v. State*, 266 Ga. 723, 725 (3) (470 SE2d 652) (1996) (defendant's identification of himself over telephone, combined with other evidence, sufficient to establish identity). Compare *Constantino v. State*, 243 Ga. 595, 599 (3) (255 SE2d 710) (1979) (identification not sufficient if identity is established only by what is said in the conversation itself).

2. Corsini contends that the trial judge improperly convicted her based on her failure to testify. In finding Corsini guilty, the judge stated that

> [e]ven though the testimony on behalf of the State is what I felt was weak, there is no evidence to the contrary that Ms. Corsini — if she had testified and denied making the phone call, I think I would have a doubt. But her failure to testify in her own behalf, and I know I'm not supposed to use that against her, leaves me with nothing but the testimony that a telephone call was made, Ms. Alexander identified the caller as Ms. Corsini, . . . and that statements were made of a threatening nature threatening bodily harm by the caller.

Corsini's counsel moved for a mistrial, stating that "it appears that the Court is making its ruling largely on the fact that my client didn't testify." The judge denied the motion, stating that "I did not have a reasonable doubt and that's why I found [Corsini] guilty."

Although the trial judge did comment on Corsini's failure to testify, he did so in the context of explaining that there was no evidence contradicting the State's evidence that Corsini was the caller. The judge's comment indicates that he convicted Corsini not because of her refusal to testify, but because the State's evidence was essentially uncontradicted. See generally *Stewart v. State*, 165 Ga. App. 62, 64 (5) (299 SE2d 134) (1983) (not error to reflect upon failure of

defense to present any evidence to rebut State's evidence); *Kerr v. State*, 193 Ga. App. 165, 166 (1) (387 SE2d 355) (1989) (prosecutor's comment on defendant's failure to testify was "directed at the lack of evidence adduced by appellants in contrast to that presented by the State").

Since this was a bench trial, there was no jury that could have been influenced by the judge's comments. "[I]n a bench trial it is presumed that the judge, as the trier of fact, is able to distinguish between competent and incompetent evidence and consider only that evidence which is admissible." *Hopkins v. State*, 209 Ga. App. 337, 339 (433 SE2d 423) (1993). Indeed, the judge expressly stated that he was aware that a defendant's silence is not to be used against her, and that he had no reasonable doubt about Corsini's guilt. Because it does not appear that the trial judge improperly considered Corsini's failure to testify, this enumeration is without merit. See *Moreland v. State*, 154 Ga. App. 375, 376-377 (2) (268 SE2d 425) (1980) (trial judge's comments during sentencing phase did not demonstrate that judge applied improper standard).

3. In her third enumeration of error, Corsini contends that the trial court improperly limited her cross-examination of Alexander. Although her brief fails to provide any record citations relating to this enumeration, it is apparent that Corsini is referring to an exchange that began when her attorney asked Alexander whether Corsini had instituted proceedings against her "seeking relief from — for violence?" After Alexander's attorney objected on relevancy grounds, Corsini's attorney stated that "it goes to the credibility of the witness in this matter and I'm entitled to a thorough and sifting cross examination." The judge stated, "Well, you know, if the fact that she's been charged with something I don't think is admissible to the credibility," and asked whether Corsini had a copy of any convictions against Alexander. Corsini's attorney replied that she had a certified copy of a nolo plea for violation of a protective order. The judge stated that he thought the nolo plea would be admissible "if it's a crime involving moral turpitude or a felony," and then stated that

> [i]f it's for purposes of impeachment, I'm not going to hear it unless it's a conviction of a felony or a crime involving moral turpitude. Now, it may be a crime involving moral turpitude, I don't know. I don't even know what the crime is; I don't know what the conviction is.

Corsini's attorney responded, "Your Honor, I'll move on," and made no further attempt during Alexander's cross-examination to raise the issue of the restraining order or the nolo plea.

On appeal, Corsini appears to concede that the nolo plea itself

was inadmissible. However, she argues that the trial court erred in refusing to allow her to present evidence of the facts underlying the plea — i.e., the facts surrounding Corsini's obtaining a restraining order and Alexander's alleged violation of the order. She contends that these facts were relevant because they supported her theory that Alexander fabricated the harassment charges in retaliation against Corsini. As an initial matter, we note that in response to Alexander's relevance objection, Corsini's counsel did not argue that the evidence was being offered to show a motive for retaliation, but simply stated that the evidence went to Alexander's credibility. "[W]e will not consider whether the trial court erred in refusing to admit . . . evidence for a purpose raised for the first time on appeal, when the appellant affirmatively stated a different purpose at trial." (Punctuation omitted.) *Dukes v. State*, 224 Ga. App. 305, 307 (2) (480 SE2d 340) (1997). We do not believe that a general statement that evidence "goes to the credibility" of a witness is sufficient to apprise the trial court that the evidence is actually being offered for the specific purpose of showing a motive for retaliation. Indeed, it seems clear that the trial court was under the impression that Corsini was offering the nolo plea simply to attack Alexander's general credibility. See *Henderson v. State*, 146 Ga. App. 114, 116 (3) (245 SE2d 437) (1978) ("Generally a witness is subject to impeachment by proof of a conviction of a felony or a crime involving moral turpitude"). Because Corsini did not indicate below that she was offering the evidence in question for the purpose asserted on appeal, we cannot consider whether the evidence was in fact admissible for such purpose. *Dukes*, supra.

Moreover, contrary to Corsini's assertions, the trial court did not in fact rule that she could not present evidence of the parties' past conduct to support a theory of retaliation. Indeed, the trial court never issued a final ruling at all, but simply indicated that it would not allow admission of the nolo plea itself for impeachment purposes unless it involved a conviction of a felony or a crime involving moral turpitude. See *Henderson*, supra; *Durant v. State*, 222 Ga. App. 872, 875 (3) (476 SE2d 641) (1996). At this point, Corsini's attorney stated that she would "move on," and did not attempt to present evidence relating to the restraining order during Alexander's cross-examination. Because the trial court did not rule that Corsini was prohibited from introducing evidence of the parties' prior dealings, Corsini cannot complain on appeal that she was prohibited from introducing such evidence. See *O'Neal v. Oxendine*, 237 Ga. App. 171, 176 (514 SE2d 908) (1999).[1]

---

[1] In her reply brief, Corsini attempts to expand the scope of this enumeration by arguing that the trial court erred in refusing to allow her to present testimony from one of her own witnesses. "These additional arguments being beyond the scope of the enumeration of

4. Finally, Corsini contends that the trial court erred in denying her demurrer to the accusation because the accusation referenced the wrong statute. The accusation accused Corsini of telephone harassment in that she "telephone[d] CLARISSA G. SULLIVAN for the purpose of using language to threaten bodily harm." However, the accusation mistakenly cited OCGA § 16-11-39, dealing with disorderly conduct, instead of OCGA § 16-11-39.1, dealing with harassing telephone calls.

Corsini contends that the accusation was fatally defective because it cited the wrong statute. However, we have held that "an indictment or accusation is not defective if, while describing the proper elements of the crime, the incorrect statute is referenced." *Broski v. State*, 196 Ga. App. 116, 117 (1) (395 SE2d 317) (1990). The accusation properly described the elements of the crime charged. See OCGA § 16-11-39.1 (making it a misdemeanor where one "uses over the telephone language threatening bodily harm"). Therefore, the accusation was not defective.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 2, 1999 — CERT. APPLIED FOR.

*Wolfe & Steel, Larry D. Wolfe, Kristine E. Waddy*, for appellant.
*Jerry Rylee, Solicitor, Larry A. Baldwin II, Assistant Solicitor*, for appellee.

error may not be considered by this Court." *In re Harvey*, 219 Ga. App. 76, 79 (464 SE2d 34) (1995).