## 51267. THE STATE v. SMITH.

PANNELL, Presiding Judge.

The defendant was charged with possessing not more than one ounce of marijuana in violation of the Georgia Controlled Substance Act. He made a motion to suppress the evidence. Upon hearing evidence in support of the motion, the trial court entered an order suppressing the evidence. The state appeals the judgment sustaining defendant's motion to suppress evidence.

The evidence shows that at approximately 1:00 p. m. on February 13, 1974, the defendant and a co-defendant were sitting inside a car parked along a public street. A police officer passed the parked vehicle and noted that the car was filled with smoke and that the two occupants were smoking a cigarette. The officer testified that he was investigating a couple of burglaries which had occurred in the neighborhood earlier that morning. He observed the suspects who were sitting in the car smoking, and decided they were "suspicious persons." He explained that some burglars arrange for accomplices to wait for them in a car parked on the next street.

The officer stopped his patrol car, approached defendant's vehicle, and instructed the defendant to let down the window or open the door. The defendant opened the door. The officer then smelled marijuana and observed a cigarette burning in the ashtray. Upon a search of the vehicle, the officer found a marijuana cigarette and a plastic bag containing marijuana.

". . . [W]here no circumstances at all appear which might give rise to an articulable suspicion (less than probable cause, but greater than mere caprice) that the law has been violated, the act of following and detaining a vehicle and its occupants must be judged as an impermissible intrusion on the rights of the citizen. Where this occurs, the penalty exacted by the law is that

evidence turned up as a result of such intrusion may not be introduced against the defendant on the trial of his case." *Brooks v. State,* 129 Ga. App. 109, 111 (198 SE2d 892). "The Supreme Court of the United States has held that when a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person within the meaning of the Fourth Amendment. Terry v. Ohio, 392 U. S. 1, 16 (88 SC 1868, 20 LE2d 889) (1968). To justify a warrantless intrusion of this nature, the state must be able to point to specific and articulable facts, which, together with rational inferences drawn therefrom, reasonably warrant the intrusion. [Cits.]" *Brisbane v. State,* 233 Ga. 339, 341 (211 SE2d 294). See also *Holtzendorf v. State,* 125 Ga. App. 747 (188 SE2d 879); *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286).

By instructing the defendant to either roll down his window or open the door, the police officer "seized" the defendant within the meaning of the Fourth Amendment. To justify such intrusion, the state has to produce evidence of articulable facts which give rise to a suspicion that the law has been violated. Although this suspicion need not meet the standard of probable cause, it must be more than mere caprice or a hunch or an inclination. See *Brooks v. State,* supra.

The trial judge was authorized to find that the investigative inquiry in the present case was premised on no more than a mere hunch or inclination. There was no evidence which caused the officer to investigate the defendant's car other than his prior knowledge about the habits of persons committing burglaries. Any car parked on a street *could* be a "pick-up" car for a thief or burglar. This fact alone does not justify an investigative inquiry which involves a seizure of an individual in violation of his Fourth Amendment rights.

In that the evidence was discovered as a result of an intrusion on the rights of the defendant, it may not be introduced against the defendant on the trial of his case. See *Brooks v. State,* supra.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED OCTOBER 8, 1975 — DECIDED DECEMBER 5, 1975 —
REHEARING DENIED DECEMBER 18, 1975 — ■

*Hinson McAuliffe, Solicitor, Charles Hadaway, Assistant Solicitor,* for appellant.
*R. Wayne Pressley,* for appellee.