## 51945. NIX v. THE STATE.

EVANS, Judge.

This case involves the Georgia Controlled Substances Act. This is a second appearance in this court. On the first appearance (*Nix v. State,* 135 Ga. App. 672 (219 SE2d 6)), the case was reversed after conviction.

The controlled substances in this instance (medicine, pills — amphetamines) were found under the seat of a pick-up truck after the defendant was stopped for routine check of driver's license and inspection sticker of the automobile. A motion to suppress this evidence because of an illegal search and seizure was denied. A certificate for immediate review was filed, and this court granted the application for immediate appeal. Whereupon defendant has filed his appeal. *Held:*

1. The sole fact upon which this case is based is testimony of the state patrolman that he saw the defendant reach down in the area of the floorboard as he

slowed to a stop and that upon examination by him of the defendant as to this suspicious hand movement, he was advised by the defendant that he was replacing a crowbar or similar tool that had rolled out from under the seat. The officer stated "it was just an idea that there was a possibility that they had robbed a bank and they had a machine gun underneath and I sure wouldn't want to get shot while checking a sticker, so I took the liberty of checking the vehicle." The defendant was ordered out of the automobile and searched and the officer proceeded to search the automobile, finding the contraband controlled substance which was not in plain view.

2. In order for the police authorities to search automobiles on the highway, there must be probable cause for the search where no consent has been granted. See Carroll v. United States, 267 U. S. 132 (3); Almeida-Sanchez v. United States, 413 U. S. 266; Cardwell v. Lewis, 417 U. S. 583.

In the instant case there existed no circumstances which justified the search of the defendant's automobile. The detention to search the defendant for the protection of the officer may have been authorized, but finding no weapons or no reason to suspect hidden drugs did not authorize the illegal search of the motor vehicle. The evidence discovered by the search cannot be used to validate the probable cause judgment upon which the illegality of the search depends. See Whiteley v. Warden, Wyoming State Penitentiary, 401 U. S. 560, 567; Spinelli v. United States, 393 U. S. 410.

3. The officer in making a limited protective search during a reasonable investigatory stop of a vehicle must have specific facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion. See Terry v. Ohio, 392 U. S. 1, 4; Bethea v. State, 127 Ga. App. 97, 98 (192 SE2d 554); Kelly v. State, 129 Ga. App. 131, 134 (3) (198 SE2d 910). This case is entirely different from the facts found in Cunningham v. State, 133 Ga. App. 305, 309 (211 SE2d 150).

*Judgment reversed. Pannell, P. J., and Marshall, J., concur.*

ARGUED MARCH 1, 1976 — DECIDED MARCH 12, 1976.

124

*J. Roger Thompson, J. Richard Young,* for appellant.

*Nat Hancock, District Attorney,* for appellee.