## 52281. SIMMONS v. THE STATE.

WEBB, Judge.

Eddie Simmons was found guilty of aggravated assault by stabbing a fellow inmate during a dormitory riot at Georgia State Prison and was sentenced to eight years to run consecutive to the life sentence he was already serving. His motion for new trial was denied and he appeals.

1. The first enumeration of error argues that a new trial should have been granted because the verdict was against the weight of the evidence. The test on review of the denial of a motion for new trial is the sufficiency of the evidence: "[T]he fact finders have determined the credibility of witnesses, the fact finders have been convinced beyond a reasonable doubt, and the appellate courts review the evidence only to determine if there is

any evidence sufficient to authorize the fact finders to return the verdict of guilty." *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131). There was ample evidence here to authorize the jury to find Simmons guilty of aggravated assault.

2. A statement by GBI Agent Butler concerning the identification of Simmons by another inmate, Ernest Neal, was properly admitted to impeach Neal's testimony.

On direct examination Neal stated that he knew Eddie Simmons was a Muslim but that he did not see any Muslim with a knife on the night of the riot. On cross examination he swore that he did not see the person who stabbed Oscar Jackson and that he was unable to make any identification from photographs. The state called Agent Butler who testified that a group of 22 photographs was shown to Neal in an attempt to identify the person using a knife during the riot and "Mr Neal pointed to a photograph and said that this particular person he saw stab Oscar Jackson . . ." Defense counsel objected and the jury was removed. The state's attorney explained that the testimony was offered only for the purpose of impeaching Neal's statement and the trial court ruled that Agent Butler could testify as to whether or not Neal identified the defendant, but that Butler could not testify as to what Neal said. No further objection was made. Butler testified that Neal pointed to a photograph and identified it as the inmate using the knife and that Simmons' name and identification number were on the back. The transcript of Neal's conversation with Butler was also admitted in evidence for the limited purpose of impeachment and the jury was instructed accordingly.

It has long been the rule in this state that statements which would otherwise be hearsay are not within the scope of the rule against hearsay when used as prior inconsistent statements to impeach the testimony of a witness. Code § 38-1803; *Perdue v. State,* 126 Ga. 112 (6) (54 SE 820); see also *Morgan v. State,* 135 Ga. App. 139 (4) (217 SE2d 175) (revd. as to sentence only, 235 Ga. 632).

The enumerations concerning admission in evidence of Agent Butler's impeachment testimony are without merit.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED MAY 24, 1976 — DECIDED JUNE 29, 1976.

*Carroll L. Cowart*, for appellant.

*John W. Underwood, District Attorney, Dupont Cheney, Assistant District Attorney, Arthur K. Bolton, Attorney General, James L. Mackay, Staff Assistant Attorney General*, for appellee.