S<small>UBMITTED</small> O<small>CTOBER</small> 12, 1976 — D<small>ECIDED</small> N<small>OVEMBER</small> 1, 1976.

*Ketzky & Hipp, P. Seale Hipp,* for appellant.

*Wyatt, Wyatt & Solomon, John M. Wyatt,* for appellees.

## 52865. THOMPSON v. THE STATE.

M<small>C</small>M<small>URRAY</small>, Judge.

Defendant was charged with possession of not more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. A motion to suppress the evidence was made and denied. Thereafter the court was requested to hear the entire case without the intervention of a jury, and the court found him guilty. He was sentenced to serve six months on probation with the payment of a $100 fine. Defendant appeals. *Held:*

The evidence discloses that at approximately 2:50 a.m. in the morning a police officer observed a vehicle with motor running at an extreme rate with steam boiling out from under the hood parked in a bank parking lot in the City of Atlanta. The policeman approached the vehicle and observed the defendant lying down in the front seat. After tapping on the glass with his hand and flash-light the officer finally roused defendant to a sitting position, at which time his foot was removed from the accelerator which was causing the engine to race. The officer testified that he was able to get defendant to roll down the window; that he was totally incoherent; could get no response from him; and the officer asked him to step out of the car. As defendant stepped from the car the interior light of the car came on and the policeman saw a clear plastic bag containing green leafy material on the front seat of the car. Defendant was arrested for public drunkenness and violation of the Georgia Controlled Substances Act, possession of marijuana.

Where no circumstances at all appear which might give rise to an articulable suspicion, less than probable cause but greater than mere caprice, that the law has been violated, the act of detaining an occupant of an automobile must be judged as an impermissible intrusion on the rights of the citizen and evidence obtained as a result of such intrusion may not be introduced against the defendant on the trial of his case. *Brooks v. State,* 129 Ga. App. 109, 111 (198 SE2d 892); *State v. Smith,* 137 Ga. App. 101, 102 (223 SE2d 30).

If the state is able to point to specific and articulable facts which together with reasonable inferences drawn therefrom which reasonably warrant the intrusion and give rise to suspicion that the law has been violated such evidence later received would not be suppressed. See *State v. Smith,* 137 Ga. App. 101, 102, supra, and cits. See also Adams v. Williams, 407 U. S. 143, 146 (92 SC 1921, 32 LE2d 612).

The trial judge here was authorized to find that the investigative inquiry in the case sub judice was premised on more than a mere hunch or inclination, and it may have saved the defendant's life from possible asphyxiation or carbon monoxide poisoning. The finding of the defendant in an incoherent state and possible public drunkenness was sufficient to authorize him to order him to leave the vehicle at which time the contraband was observed in plain view.

The contraband was not obtained under the fruit of the poisoned tree doctrine requiring suppression, and the court did not err in refusing to grant the motion to dismiss and finding him guilty.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

ARGUED OCTOBER 12, 1976 — DECIDED NOVEMBER 1, 1976.

*Keenan & Calcagno, Don C. Keenan,* for appellant.
*Hinson McAuliffe, Solicitor, James L. Webb, Frank A. Bowers, Assistant Solicitors,* for appellee.