## 56177. SERRANO v. THE STATE.

BIRDSONG, Judge.

Radames Serrano was convicted of armed robbery and sentenced to serve 15 years. He brings this appeal enumerating six alleged errors. *Held:*

1. Enumerations of error 1, 2, 3, and 5 all deal with the sufficiency of the evidence. The evidence, briefly

stated, shows that Serrano entered a bar and drank several alcoholic beverages, buying drinks also for others seated at the bar. He asserted that he left a large sum of money on the bar which he claimed was taken either by the bartender or a female employee of the bar. He pulled a gun, covered it with a napkin so that none would see it except the bartender, and demanded the return of his money. The bartender, on the other hand, said that at the time the bar was about to close and with no one present except himself and the appellant, the appellant pointed a gun at him (the bartender) and demanded money. The bartender took all the money from the cash register and gave it to the appellant. However, the bouncer was alerted to the situation and overpowered Serrano. All the money was recovered. At the police station, Serrano was relieved of his possessions prior to his incarceration and a large sum of money was recovered from his possession, a sum not inconsistent with the amount he brought to the bar minus the amount spent to purchase beverages for himself and others at the bar.

The fact finders determined the credibility of witnesses and following appropriate instructions found appellant guilty as charged. Our responsibility is to review the evidence only to see if there is any evidence sufficient to authorize the fact finders to return the verdict of guilty. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131); *Simmons v. State,* 139 Ga. App. 180 (228 SE2d 185). The evidence of appellant's guilt was in conflict but was sufficient to support the verdict of the jury. Therefore allegations that the trial court erred denying a motion for new trial (Enumeration 1), or that the verdict was contrary to law -(Enumeration 2), or was against the weight of the evidence (a matter exclusively within the purview of the trial forum (*Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461)) (Enumeration 3), or in denying a motion for a directed verdict (Enumeration 5), are without merit. See *Bethay v. State,* 235 Ga. 371 (219 SE2d 743); *McCoy v. State,* 237 Ga. 118, 119 (227 SE2d 18); *Anderson v. State,* 233 Ga. 464 (211 SE2d 754); *Jones v. State,* 141 Ga. App. 17, 18 (232 SE2d 365).

2. In enumeration of error no. 4, appellant argues that admissions made to a police officer were inadmissible

because at the time those admissions were made, he was intoxicated and therefore unaware of his rights. Serrano predicates this contention on evidence that he had consumed five or six drinks in a short period of time, and that the interrogating officer testified that Serrano appeared to be under the influence of some sort of intoxicant. The officer clearly testified however that Serrano was aware of his surroundings and understood his rights. Serrano never alleged that he was too intoxicated to comprehend oral warnings. Thus, no real issue ever arose that appellant did not understand his rights. In Georgia, where a question of voluntariness is raised by the defendant, the threshold question is determined by the trial judge. That ruling is final, except that by timely written request the defendant can have the issue of voluntariness submitted to the jury and that body must find voluntariness before it can consider the contents of the confession. In the absence of such a request to charge, the court is not required to submit the issue to the jury. This will satisfy Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) and does not deprive the defendant of a trial by jury. *Jackson v. State,* 239 Ga. 449, 450 (238 SE2d 31); *Batts v. State,* 238 Ga. 664 (235 SE2d 377). This record contains no such requested instruction. We find as a matter of fact and law that the trial court's determination of voluntariness and admissibility, although based upon conflicting evidence, was supported by a preponderance of the evidence as required by *High v. State,* 233 Ga. 153 (210 SE2d 673), and was not error. *Mahone v. State,* 237 Ga. 120, 121 (227 SE2d 16); *Rush v. State,* 137 Ga. App. 387, 389 (224 SE2d 39). See *Hamm v. State,* 146 Ga. App. 628. Thus, the testimony of the arresting officer concerning appellant's behavior in the bar was highly relevant and was properly admitted, contrary to appellant's contention that this evidence was unnecessary and prejudicial.

3. In enumeration of error no. 6, appellant urges that the trial court erred in failing to give requested instructions dealing with a defense of mistake of fact and use of force in defense of personal property. Appellant's request to charge upon defense of property was not adjusted to the issues and therefore was not applicable to

the case. It was not error, therefore, to refuse such a charge. *Green v. State,* 124 Ga. 343, 344 (52 SE 431); *Scott v. State,* 130 Ga. App. 75 (202 SE2d 201); *Perry v. State,* 105 Ga. App. 776 (125 SE2d 666). Further, the court fully instructed on misfortune or accident, the necessity that the jury find that a crime was committed and that the taking of the property was without authority. Thus, the contentions of appellant were covered in the charge of the court, though not in the words of the request. There is, however, no requirement that the court charge in the language requested when the principles are covered by the charge given. *Sullens v. State,* 239 Ga. 766 (238 SE2d 864); *Cohran v. State,* 141 Ga. App. 4 (232 SE2d 355). We conclude that the trial court did not err in refusing to give the requested charges.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED JUNE 27, 1978 — DECIDED JULY 14, 1978.

*Harrison, Jolles & Miller, Henry A. Miller,* for appellant.

*Richard E. Allen, District Attorney,* for appellee.