## 58191. STIGGERS v. THE STATE.

CARLEY, Judge.

Police officers received a call from a "known confidential informant" who had given reliable information in the past on a "civic rather than paid" basis. The informant stated that an unknown black male, driving a 1978 gold Pontiac LeMans, was selling marijuana in "nickel" bags at a specified location. The officer receiving the call and a partner immediately departed for the location described and arrived within fifteen to twenty-five minutes. As the officers arrived, they saw appellant, who fit the description, entering the only 1978 gold LeMans in the area. He was carrying a shopping bag. The officers stopped the car as appellant tried to drive away and an officer approached the car. As he neared the automobile, the officer saw in plain view on the back seat three large brown bags. Inside the bags, again in plain view, was a clear plastic bag containing small manila bags, a set of scales and coin envelopes. The officer testified that from his experience he immediately recognized the paraphernalia as evidencing "a common method used to package and to weigh up the amount of marijuana to be packaged in a specific bag to be sold for $5.00." Appellant was arrested, the bags seized and marijuana discovered. Appellant was charged with

possession with intent to distribute marijuana. After his motion to suppress was denied, appellant was tried and convicted. He appeals.

1. Appellant enumerates the denial of his motion to suppress, arguing that "the officers did not have sufficient information to justify the detention of defendant, and the search and seizure of the envelopes." We do not agree. "Since acts of peace officers in detaining and questioning a citizen are necessarily a curtailment of his right to go about his business unmolested, and since also investigation and questioning are necessary elements of crime prevention and detection, the exigencies of the situation as they reasonably appear at the time must dictate the extent of intrusion into constitutionally protected areas. Momentary detention and questioning are permissible if based upon specific and articulable facts which, taken together with rational inferences from those facts, justify a reasonable course of inquiry not based on mere inclination, caprice, or harassment . . . 'We have repeatedly held that an authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has "reasonable" grounds for such action — "a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing." [Cit.]' . . . 'It is clear that the mere stoppage of a car by a police officer is not [per se] such an illegal act that would taint all evidence stemming therefrom . . .' " *Brooks v. State,* 129 Ga. App. 109, 111 (198 SE2d 892) (1973).

"The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* [Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889)] recognizes that it may be the essence of good police work to adopt an intermediate response . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." Adams v. Williams, 407 U. S. 143, 145

(92 SC 1921, 32 LE2d 612) (1972). Here the officers received a tip which, admittedly, did not furnish probable cause to stop appellant and search. However, the officers went to the location specified and found appellant, who fit the description given, attempting to leave the area in the car described by the informant. Under these facts, the officers had an "articulable suspicion" warranting the stop of the vehicle so as to investigate the circumstances. United States v. Brignoni-Ponce, 422 U. S. 873, 878 (95 SC 2574, 45 LE2d 607) (1975); *Radowick v. State,* 145 Ga. App. 231, 232 (1) (244 SE2d 346) (1978) and cits.

Two recent United States Supreme Court cases, cited by appellant, are clearly distinguishable. In Dunaway v. New York, — U. S. — (99 SC 2248, 60 LE2d 824), the defendant was, without the probable cause necessary for an arrest, taken into custody, transported to the police station, and detained for interrogation. "In contrast to the brief and narrowly circumscribed intrusions involved in [other] cases, the detention of petitioner was in important respects indistinguishable from a traditional arrest. Petitioner was not questioned briefly where he was found. Instead, he was taken from a neighbor's home to a police car, transported to a police station, and placed in an interrogation room." Dunaway v. New York, supra. In contrast, in the instant case, appellant's car was merely detained in order to investigate the officer's "articulable suspicions" — an action which, as we have held, was warranted under the circumstances. United States v. Brignoni-Ponce, supra.

In Brown v. Texas, — U. S. — (99 SC 2637, 61 LE2d 357), officers detained the "suspicious" defendant for the purpose of requiring him to identify himself though they had no reason to suspect him of any particular misconduct nor reason to believe he was armed. The court concluded that "none of the circumstances preceding the officers' detention of appellant justified a reasonable suspicion that he was involved in criminal conduct . . . In the absence of any basis for suspecting appellant of misconduct, the balance between the public interest and appellant's right to personal security and privacy tilts in favor of freedom from police interference." Brown v. Texas, supra. In the case at bar, for the reasons discussed,

the officers did have a "reasonable suspicion" that appellant was involved in criminal activity because their suspicions which had been aroused by the informant's tip were corroborated by their own observations. Here, unlike the circumstances in Brown, the officers were presented with a suspicious situation and had every right to detain appellant by means of a brief Terry stop. Adams v. Williams, supra.

The only question remaining is whether or not the arrest and subsequent search were proper. The officers received a tip that a crime involving the sale of contraband drugs was being committed. The officers investigated and discovered appellant, who matched the description, driving a car which corresponded to the tip. Appellant was legally stopped and the officers discovered, in plain view, paraphernalia readily identifiable as that used in the sale of drugs and packaging of the type known to the officer in his experience as that commonly used in the sale of "nickel" bags of marijuana — the crime the informant had reported. There was probable cause to arrest and to seize the evidence. *Kiriaze v. State,* 147 Ga. App. 832 (250 SE2d 568) (1978).

2. Appellant also enumerates as error the denial of his "motion to require disclosure of the identity of the informant." *Thornton v. State,* 238 Ga. 160 (231 SE2d 729) (1977) established that "whenever the disclosure of an informer's identity is raised by a Brady motion ... the trial court must (1) conduct a hearing on the merits of the Brady motion (to wit: whether the state has evidence favorable to the accused that is material to guilt or punishment) and (2) consider the balancing requirements of Roviaro v. United States, 353 U. S. 53 (77 SC 623, 1 LE2d 639), (to wit: balancing the public interest in protecting the flow of information against the individual's right to prepare his defense). *Thornton* merely applied the Roviaro case as a limitation on a defendant's rights under Brady so that the state's privilege of nondisclosure would not be fully abrogated merely because a Brady motion was made. The error in the *Thornton* case was that the trial judge refused to conduct a hearing on the motion, and decided that the informer's identity was absolutely privileged." *Loder v. State,* 141 Ga. App. 665 (234 SE2d

132) (1977). A similar error occurred in the instant case.

Appellant here made a Brady motion. The trial court properly conducted a hearing on the merits of that motion. However, the record reveals that no evidence was received at this hearing on the status of the informant. While it is true that *Thornton* holds that "if the trial court initially determines that the informer was merely a pure tipster, his identity would be privileged, and no further inquiry would be necessary," it is likewise clear that it must be proved "to the court's satisfaction that the informer is a pure tipster, who has neither participated in nor witnessed the offense . . ." *Thornton,* supra at 165. That the informant's status as a pure tipster was not *proved* "to the court's satisfaction" at the hearing is demonstrated by the court's statements in denying the motion: "I am going to determine from the evidence that I hear whether or not I will grant that. Let me say, I will deny your motion and *I may change my mind.* If I don't, I want the record to reflect that I have denied it. I don't want to leave the motion open." (Emphasis supplied.) However, there was no evidence received in the pre-trial hearing as to the status of the informer. Apparently what the trial judge meant was that he would hear evidence on the trial of the case and determine then whether to grant appellant's motion. Assuming without deciding that such a procedure would satisfy the requirements of *Thornton,* the transcript of the trial itself does not contain evidence which clearly proves the informant's status as a mere tipster. See *Thornton v. State,* 239 Ga. 693 (238 SE2d 376) (1977).

We, therefore, conclude that it was error for the trial court to refuse to consider appellant's Brady motion for disclosure of the identity of the informer on its merits and to deny the motion without receiving proof to his satisfaction that the informer was a pure tipster. However, as in *Thornton,* the error can be cured by a post-trial hearing before the judge in the trial court. The judgment will be affirmed with direction that the trial court conduct a hearing to consider this issue. If on the basis of evidence introduced at such hearing the trial judge concludes that identity disclosure should be compelled in this case, he must order a new trial. Appellant is granted leave to file a new appeal within 30

days of a trial court decision adverse to appellant on this issue if appellant contends the trial judge abused his discretion in his ruling.

*Judgment affirmed with direction. Deen, C. J., and Shulman, J., concur.*

ARGUED JULY 3, 1979 — DECIDED SEPTEMBER 27, 1979.

*Al Horn, Reber F. Boult, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.