## 67553. DENNEY v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury and convicted of one count of burglary. He appeals from the judgment of conviction and sentence entered on the guilty verdict.

1. The trial court's admission into evidence of appellant's in-custody statement is enumerated as error.

Appellant first asserts that his statement was not voluntary because it was induced both by the threat that his mother would remain incarcerated on the burglary charge until he made a statement and by the promise that if he confessed his mother would be released. In addition to appellant's own testimony regarding the threats and promises which had been allegedly made directly to him by the of-

ficers, his mother also testified that, during her interview by the officers, she had received similar threats and promises and had, as a consequence, implored appellant to give a statement in order to secure her release. The state, however, presented evidence that no threats or promises whatsoever had been made to appellant as an inducement for his statement. Additionally, the state's evidence demonstrated that appellant's interview had preceded his mother's and that appellant's statement accordingly could not have been indirectly induced by any threats or promises which might have been made to his mother. On this conflicting evidence, the trial court did not err in admitting appellant's statement into evidence. On appellate review, factual and credibility determinations by the trial court must be accepted unless such determinations are clearly erroneous. See generally *Bridges v. State* 155 Ga. App. 369 (271 SE2d 25) (1980). "We find as a matter of fact and law that the trial court's determination of voluntariness and admissibility, although based upon conflicting evidence, was supported by a preponderance of the evidence . . ." *Serrano v. State*, 146 Ga. App. 781, 783 (247 SE2d 593) (1978).

Appellant also contests the admissibility of his statement by asserting that it was taken in violation of his Miranda rights. The evidence in this regard clearly demonstrates that, at all the appropriate times, appellant was read his Miranda rights, and he signed written waivers of those rights. Appellant contends, however, that he cannot read. He asserts that this fact, which he now urges he was too embarrassed to admit to the officers while they were conducting the interview, militates against the admissibility of his statement.

"[A] showing that a defendant is illiterate . . . does not, without more, show that he was incapable of understanding his Miranda rights when they are read to him." *Donaldson v. State*, 249 Ga. 186, 189 (289 SE2d 242) (1982). See also *Coverson v. State*, 162 Ga. App. 497 (2) (292 SE2d 196) (1982). "There is no allegation that there was any necessity for him to either read or write because the testimony showed that the Miranda warnings were read to him." *Donaldson v. State*, supra at 189. Appellant's signature, which was affixed to the waiver forms after he had been read his rights, clearly authorized the trial court's finding that appellant's subsequent signed statement was freely and voluntarily given. See generally *Hance v. State*, 245 Ga. 856, 858 (2) (268 SE2d 339) (1980).

2. Appellant enumerates as error the trial court's refusal to disqualify a juror who had read a newspaper article in which appellant had been mentioned in connection with an extraneous matter. The juror was extensively questioned and indicated that the article had not compromised her complete impartiality and her ability to render a verdict based solely on the evidence adduced at trial.

The trial court did not err in refusing to disqualify this juror af-

ter it was determined that she "had not formed fixed opinions as to the [appellant's] guilt or innocence based upon reports in the news media. [Cit.]" *McKenzie v. State*, 248 Ga. 294, 296 (4) (282 SE2d 95) (1981). "The transcript does not show that the juror entertained . . . any opinion regarding [appellant's] involvement or guilt." *Wallace v. State*, 246 Ga. 738, 742 (273 SE2d 143) (1980).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED APRIL 12, 1984.

*Lillian L. Neal*, for appellant.

*Robert E. Keller, District Attorney, Keith C. Martin, Assistant District Attorney*, for appellee.