### 69428. McDOWELL v. THE STATE.
(324 SE2d 211)

BANKE, Presiding Judge.

The appellant was indicted on two counts of armed robbery and one count of attempted armed robbery. He was convicted of the two armed robbery charges but acquitted on the attempt charge. He enumerates four alleged errors on appeal. *Held*:

1. The trial court did not err by allowing into evidence a gun seized from the appellant's automobile following a high-speed chase which ended with his arrest. The fact that the appellant was being placed in a patrol car at the time the search was conducted does not preclude a finding that the search was valid incident to his arrest. "It is apparent that the holding of the Supreme Court in New York v. Belton [453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981)] is that a search of the passenger compartment of an automobile recently occupied by an arrestee is a valid search incident to an arrest, even if the arrestee had no 'immediate control' of the area at the time the search was conducted. The decisive factor is whether the arrestee was, at the time of his *arrest*, a 'recent occupant' of the automobile, not whether the automobile and its contents were in his immediate control at the time of the *search*." *State v. Hopkins*, 163 Ga. App. 141, 143 (293 SE2d 529) (1982).

2. The court did not err by allowing into evidence over the appellant's chain-of-custody objection a Timex watch identified by one of the robbery victims as having been stolen from her home during the course of the robbery. This watch was also identified as having been discovered inside the appellant's vehicle following his arrest. Under these circumstances, the fact that it was not "logged in" to the police department's evidence room until some 10 days after the arrest does not require its exclusion from evidence. "Items of evidence which are distinct and recognizable physical objects are admissible in evidence without the necessity for showing the chain of custody. (Cits.)" *Hurt v. State*, 239 Ga. 665, 672 (7) (238 SE2d 542) (1977).

3. The court did not err in admitting a taped statement which the appellant made to police while in custody, despite the appellant's testimony that the police beat him to obtain the statement. Factual and credibility determinations by the trial court following a Jackson v. Denno hearing will not be disturbed on appeal unless clearly erroneous. *Peek v. State*, 239 Ga. 422, 425 (238 SE2d 12) (1977); *Denney v. State*, 170 Ga. App. 692, 693 (318 SE2d 85) (1984). The State's

evidence was sufficient to support the court's determination that the appellant made the statement freely and voluntarily, following full advisement of his Miranda rights.

4. The court did not err in permitting the jury to hear the taped statement a second time upon their request during the course of their deliberations. Accord *Johns v. State*, 239 Ga. 681 (2) (238 SE2d 372) (1977).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 19, 1984.

*R. David Carr*, for appellant.

*E. Byron Smith, District Attorney, Hugh D. Sosebee, Jr., Assistant District Attorney*, for appellee.