A90A0311. GAMBLE v. THE STATE.
(391 SE2d 801)

SOGNIER, Judge.

Michael Fillip Gamble was convicted of four counts of armed robbery and he appeals.

The evidence adduced at trial showed that on July 11, 1988, the Burger King restaurant on Highway 80 in Dublin was robbed shortly

after opening by a man wearing a gorilla mask who forced the restaurant's employees to enter the cooler at gunpoint and then had the manager open the safe. On July 15, 1988, the McDonald's restaurant on Highway 441 in Dublin was robbed at gunpoint after closing by a man wearing a gorilla mask and a McDonald's uniform who herded the employees into the cooler and emptied the cash registers. On August 25, 1988, the Dublin Burger King was again robbed, this time at closing, by a man armed with an automatic pistol and wearing a gorilla mask, using the same method.

On the morning of August 29, 1988, shortly after the Wendy's restaurant on Highway 441 in Dublin opened, appellant, who was known to several of the restaurant employees, entered the restaurant and went into the rest room. He stayed in the rest room approximately 45 minutes, prompting the manager to send an employee who knew appellant to see if appellant needed assistance. Appellant left soon after, and the employees noticed his distinctive red tennis shoes. Appellant was then seen by restaurant employees pacing on a path connecting the restaurant to a motel next door. Shortly thereafter, a man armed with an automatic pistol, wearing a gorilla mask, dark pants, red tennis shoes, and a white towel on his head, entered the restaurant, herded the employees into the cooler and robbed the manager of approximately $510, a bank bag, and several employee paychecks and IOUs. Several employees recognized either the voice, the gait, or the shoes of the masked robber as being that of appellant. When the employees emerged from the cooler, they saw a car which several of them recognized as the one usually driven by appellant leave the motel parking lot, and two employees followed appellant's car in their own vehicle, while others notified the police.

Within minutes of receiving a lookout for appellant's car, Officer Gregory Melton of the Dublin Police Department observed a vehicle matching the description of the lookout being followed by a second vehicle with two occupants who attracted Melton's attention by waving and pointing toward the car in front. Melton ran a check on the first vehicle's license plate and discovered it was registered to appellant's father, Ruben Gamble. Melton drove his vehicle between the two cars, turned on his blue lights and siren, and pursued the first vehicle. The driver of the car, later identified as appellant, ignored the police car for several blocks and continued to drive until he pulled into the carport at his father's home. Melton called for assistance, parked his car behind appellant's, and both Melton and appellant exited their vehicles. Appellant approached Melton and asked why he had been followed. The two Wendy's employees identified appellant to Melton as the robber, and appellant denied this.

Officer Brenda Davis responded to Melton's call for assistance. Davis patted appellant down, finding a large bundle of cash and a

pair of black gloves in appellant's pocket, and arrested appellant, placing him in the back of Melton's police car. Melton approached appellant's vehicle and through the open window spotted a gorilla mask, a towel, and a bank bag on the driver's side front floorboard. He reached inside the car and removed these items, placing them on the car's roof.

Ruben Gamble first consented, but then withdrew consent to search the car and residence. A search warrant was then obtained, and upon execution of the search warrant for the car, a .45 caliber pistol was found between the front seats of the car. The bank bag was found to contain a number of Wendy's paychecks and IOU's from Wendy's employees.

1. Appellant first enumerates as error the trial court's denial of his motion to suppress the evidence removed from the car by Melton. Appellant argues that no proper grounds for the search or seizure of these items existed. We do not agree. Contrary to appellant's argument, "[t]he fact that the appellant was . . . in a patrol car at the time the search was conducted does not preclude a finding that the search was valid incident to his arrest. 'It is apparent that the holding of the Supreme Court in [*New York v. Belton*, 453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981)] is that a search of the passenger compartment of an automobile recently occupied by an arrestee is a valid search incident to an arrest, even if the arrestee had no "immediate control" of the area at the time the search was conducted. The decisive factor is whether the arrestee was, at the time of his *arrest*, a "recent occupant" of the automobile, not whether the automobile and its contents were in his immediate control at the time of the *search*.' [Cit.]" *McDowell v. State*, 172 Ga. App. 643 (1) (324 SE2d 211) (1984). Although the trial court did not deny appellant's motion on this basis, a trial court's ruling will be affirmed if it is right for any reason. *State v. Speir*, 189 Ga. App. 254, 255 (375 SE2d 298) (1988). Thus, the trial court did not err by denying appellant's motion to suppress.

2. Appellant contends the trial court erred by denying his motion for a mistrial made when the State improperly placed him in the position of having to exercise his constitutional right against self incrimination by suggesting that he stand and remove his jacket in the jury's presence. We find no error.

First, the State never suggested to appellant or directed him to remove his jacket. Rather, the remark was made by the prosecutor to a witness for the State. When the witness said she could not ascertain whether the person she observed robbing the Burger King had a body build similar to that of appellant because appellant was now wearing a suit, the prosecutor asked her "[w]ould it help if [appellant] . . . stood and removed his jacket?"

Moreover, although the trial judge denied the motion for a mistrial, he instructed the jury to disregard the remark, and reminded the jury that appellant had the absolute right not to take the stand and they were to draw no inferences from his refusal to do so. Appellant did not renew his motion for mistrial after the trial court's curative instructions, and " '[s]ince the rule requiring renewal of a motion for a mistrial following curative instructions has been retained in criminal cases, the issue has not been preserved for appellate review. (Cits.)' [Cit.]" *Williamson v. State*, 188 Ga. App. 307, 308 (2) (372 SE2d 685) (1988).

3. Appellant enumerates the general grounds, specifically arguing that the evidence in regard to the first three robberies was entirely circumstantial. This enumeration is devoid of merit. Although "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused," OCGA § 24-4-6, "it was not necessary for the [S]tate to prove that it was impossible for the [first three offenses] to have been committed by anyone else, or that they might not, by bare possibility, have been done by another. [Cit.]" *Schmalz v. State*, 177 Ga. App. 634, 635-636 (341 SE2d 11) (1986). Under the facts of this case, the evidence was overwhelming in pointing to appellant as the perpetrator of the other three robberies, although that evidence was largely circumstantial. Witnesses identified the gorilla mask found in appellant's car as the one worn in the first three robberies as well as the last, and other similarities were shown between the methods used in all robberies. The jury was authorized from that evidence to convict appellant of the crimes charged. This court does not weigh the evidence, but only determines its sufficiency, and we find the evidence in this case more than sufficient to meet the required standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 7, 1990.

*Larsen & Flanders, H. Gibbs Flanders, Jr.*, for appellant.
*Ralph M. Walke, District Attorney, Tyson Blue, Assistant District Attorney*, for appellee.