### A09A0272. ANDERSON v. THE STATE.
(672 SE2d 541)

BLACKBURN, Presiding Judge.

Following a jury trial, Andre Anderson appeals his conviction of burglary, contending that the trial court erred in admitting into evidence certain watches over his chain of custody objection. Because watches are nonfungible items that are readily identifiable, the State bore no burden of establishing a chain of custody. Accordingly, we affirm.

Construed in favor of the verdict, *Short v. State*,[1] the evidence shows that early one evening, a neighbor alerted a homeowner, who

---

was working in his garden, that the neighbor had just witnessed a stranger enter the homeowner's residence. As the homeowner approached his residence, he heard his wife scream and then saw her exit out the back door; she informed him that an intruder had just escaped out the front door. She had had a clear view of the intruder, upon whom she stumbled when she was returning to the kitchen to continue dinner preparations. She immediately alerted police, who soon arrived but could not locate the intruder in the vicinity. Shortly thereafter, the homeowner saw a man in a nearby schoolyard who fit his wife's description of the intruder, and the couple again alerted police. An officer brought the man to the homeowner's wife, who identified him as the intruder. The man, who was Anderson, was arrested and taken to jail.

When arresting Anderson, the officer found three watches in one of Anderson's pants pockets. Unaware of this circumstance, the homeowner and his wife discovered later that evening that a drawer had been removed from the dresser and left on the floor in their bedroom, from which drawer three watches were missing. When they reported this to police, a detective brought to the couple the three watches that had been removed from Anderson's person, which the couple identified as the missing watches.

Indicted for burglary,[2] Anderson claimed that he had stolen no watches. At trial, the officer who had found the watches on Anderson's person identified those watches as exhibits. The homeowner and his wife both identified those exhibits as the watches missing from their home, one of which was a particularly unique "Lord Elgin" watch that the homeowner had purchased on a cruise some 30 years earlier. The detective also identified the exhibits as the watches that he had brought from the police station to the homeowner couple and that the couple had identified as belonging to them. Based on this evidence as well as the wife's in-court identification of Anderson as the intruder, the jury found Anderson guilty of burglary.

Anderson's sole enumeration of error on appeal is that the trial court erred in admitting (over his objection) the three watches without requiring the State to prove chain of custody. But "[t]here is no need to prove chain of custody for non-fungible physical evidence identified by a witness, since these items can be recognized by observation." *Mize v. State*.[3] See *Simmons v. State*[4] (no chain of custody needed where items are "non-fungible physical objects easily

[2] OCGA § 16-7-1 (a).
[3] *Mize v. State*, 269 Ga. 646, 651 (5) (501 SE2d 219) (1998).
[4] *Simmons v. State*, 282 Ga. 183, 188 (13) (646 SE2d 55) (2007).

identifiable by observation"). We have specifically held that watches are such "[i]tems of evidence which are distinct and recognizable physical objects [that] are admissible in evidence without the necessity for showing the chain of custody." (Citations and punctuation omitted.) *McDowell v. State*.[5] See *Kates v. State*[6] (a wrist watch is a "readily identifiable item" that needs no showing of chain of custody). Indeed, in his appellate brief, Anderson concedes that "watches are not fungible."

Accordingly, the State bore no burden here of showing the chain of custody of the watches identified by the police as those found in Anderson's pocket and by the victims as those missing from their bedroom. Anderson's complaint about the specific wording of the witnesses' testimony of identification as receiving "undeserved credibility and weight" does not challenge the admissibility of the evidence but only its weight, which was a matter for the jury and not this Court to resolve. *Short*, supra, 234 Ga. App. at 634 (1). We discern no error.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JANUARY 16, 2009.

*Mary Erickson*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

---

[5] *McDowell v. State*, 172 Ga. App. 643 (2) (324 SE2d 211) (1984).
[6] *Kates v. State*, 152 Ga. App. 29, 30 (2) (262 SE2d 221) (1979).